# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:04CR00004 |
| v. | ) **OPINION** |
| | ) |
| **DARRELL FOGARTY,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Darrell Fogarty, Pro Se Defendant.*

Darrell Fogarty, a federal inmate proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). After reviewing the defendant's submissions and the record, I will summarily dismiss the § 2255 motion as untimely filed and without merit.[1]

I

Faced with a three-count Indictment, Fogarty entered into a written Plea Agreement. Under the agreement, he pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime (Count One) and possession of a firearm as

---

[1] Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

a convicted felon (Count Two). I sentenced Fogarty to consecutive terms of imprisonment totaling 144 months and entered judgment on March 23, 2006. On the government's motion, pursuant to the Plea Agreement, I dismissed Count Three of the Indictment. Fogarty did not appeal.

Fogarty signed and dated this § 2255 motion on January 12, 2013. The motion alleges that Fogarty's current confinement is illegal because (1) Tile 18 of the U.S. Code was not validly enacted in 1948; (2) "Judicial wrongs" occurred during unspecified past proceedings; (3) Fogarty's health has deteriorated since his incarceration;[2] and (4) Fogarty "[d]idn't know enough" about "judicial wrongs a sham a fraud [sic]." The court filed the § 2255 motion conditionally, notified Fogarty that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of

---

[2] Fogarty states that he has "MS," and doctors have given him only six years to live. (§ 2255 Motion 10-11.) Fogarty also submits as exhibits documents in which he complains about the medical care he has received while incarcerated at the Federal Medical Center in Lexington, Kentucky, in March 2011, and complains briefly that he is also not happy with his medical care at the United States Penitentiary in Terre Haute, Indiana.

This court has previously advised Fogarty that if he wishes to pursue a lawsuit alleging that his medical care in prison has violated his constitutional rights, his appropriate remedy is to file a civil rights action against the individual officials who committed the alleged violations in the state where the violations occurred. *See Fogarty v. F.M.C. Lexington*, Case No. 7:11CV00541 (W.D. Va. Nov. 23, 2011) (dismissing *Bivens* action without prejudice). Therefore, I will not construe Fogarty's current submissions about medical care as raising any such claim.

timeliness. Fogarty responded with additional exhibits, making the issue of timeliness ripe for consideration.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). If the district court gives the defendant notice that the motion appears to be untimely and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Fogarty's § 2255 motion is clearly untimely under § 2255(f)(1). His conviction became final on April 6, 2006, when his ten-day opportunity to appeal

the March 23, 2006 Judgment expired.  *See* Fed. R. App. P. 4(b)(1)(A) (prior version).  Fogarty's one-year window to file a timely motion under § 2255(f)(1) expired on April 6, 2007, and his § 2255 motion was not filed within that time period.

Fogarty appears to argue in his § 2255 motion that his one-year filing period should be calculated under § 2255(f)(4),[3] based on the date when he obtained information about the improper ratification of Title 18.  Fogarty's own submissions, however, indicate that he obtained the information on which this claim is based in 2009 and it has long been available in public records since the Congressional vote in question.  Therefore, Fogarty fails to demonstrate that he filed his § 2255 motion within one year of the date when the necessary facts were discoverable with due diligence, and his claim on this issue is thus time-barred under § 2255(f)(4).

Fogarty appears to argue that his general ignorance of the law and his poor health prognosis provides grounds for equitable tolling of the statute of limitations.  These conditions do not warrant invocation of equitable tolling, because they are not circumstances external to Fogarty and he fails to demonstrate that either of them prevented him from filing a timely § 2255 motion.  *See Pace v. DiGuglielmo*,

---

[3] Fogarty does not allege facts on which his § 2255 claims could be deemed timely under the other subsections of § 2255(f).

544 U.S. 408, 418 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

In any event, Fogarty's allegations state no claim for relief under § 2255. His health problems now do not demonstrate any reason that his conviction and sentence were not valid as imposed. Moreover, every court to have addressed this § 2255 claim about the improper statutory enactment has rejected it. *See, e.g., Turner v. United States*, Civil Action No. 11-0327-WS-C, 2011 WL 5595939, at *5 (S.D. Ala. Sept. 8, 2011) (compiling cases).

For the stated reasons, I will summarily dismiss Fogarty's § 2255 motion. It is untimely filed, he fails to demonstrate grounds for equitable tolling, and his allegations do not state any ground for relief under § 2255.

A separate Final Order will be entered herewith.

    DATED: April 1, 2013

    /s/ James P. Jones
    United States District Judge